U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT - 6 2017

CLERK, U.S. DISTRICT COURT
By_____
            Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE CARLOS SALAZAR, | § | |
| Petitioner, | § | |
| | § | 3:16-CV-1342-D |
| v. | § | 3:14-CR-0411-D |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Jose Carlos Salazar was removed from the United States on account of his Texas conviction for aggravated assault with a deadly weapon. He later reentered the United States illegally, was arrested, and pleaded guilty to unlawful reentry after removal. At sentencing, the Court counted his prior aggravated assault conviction as a crime of violence under United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2(b)(1)(A)(ii) and so increased his offense level by 16. He was sentenced accordingly to 45 months in prison and two years of supervised release.

Salazar did not appeal. But he later filed this 28 U.S.C. § 2255 motion that claims that the definition of the phrase "crime of violence" found in § 2L1.2(b)(1)(A)(ii) is unconstitutional in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court ordered the government to respond to Salazar's motion. The government did so and also moved to stay this case pending the resolution of *Beckles v. United States*, 137 S. Ct. 889, 892 (2017). A stay was entered and then lifted after *Beckles* was announced.

**II. Discussion**

Salazar claims that the Court erred when it calculated his sentencing range because it applied a 16-level enhancement for a prior conviction of a crime of violence under U.S.S.G. §

2L1.2(b)(1)(A)(ii). That section applies where the defendant reenters the country after he was previously removed on account of a crime of violence. A crime of violence, in turn, is defined as one of the enumerated offenses or "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2(b)(1)(A)(ii), cmt. n.1(B)(iii).

Salazar argues that the U.S.S.G.'s definition of crime of violence is void for vagueness after *Johnson*. In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act," 18 U.S.C. § 924(e)(2)(B)(ii) – which clause defines a "violent felony" as one "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. But Salazar was not convicted of violating the Armed Career Criminal Act, and that is not the statute he challenges here. Rather, he seeks to extend the reasoning of *Johnson* to challenge the U.S.S.G.'s definition of crime of violence – which he claims borrows the definition of a "crime of violence" from 18 U.S.C. § 16(b) – as void for vagueness. He is not entitled to relief for at least two reasons. First, § 2L1.2(b)(1)(A)(ii) does not, as Salazar asserts, borrow the definition of a crime of violence from 18 U.S.C. § 16(b). *See* 2L1.2(b)(1)(A)(ii), cmt. n.1(B)(iii) (defining "crime of violence" without reference to 18 U.S.C. §16(b)). And even if it did, "18 U.S.C. § 16(b) is not unconstitutionally vague." *See United States v. Gonzalez-Longoria*, 831 F.3d 670, 677 (5th Cir. 2016) (en banc). Second, and more fundamentally, "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 889, 892 (2017). That is, the definition of "crime of violence," which is contained in the commentary to U.S.S.G. § 2L1.2, is immune from Salazar's challenge. *See Woodson v.*

*United States*, ___ F. App'x ___, ___, 2017 WL 2857011, *1 (11th Cir. 2017) ("In *Beckles*, the Supreme Court recently affirmed that the advisory Sentencing Guidelines are not subject to the same vagueness challenge under the Due Process Clause as the [Armed Career Criminal Act]."); *see also Estanislao v. United States*, No. 4:16-cv-04130, 2017 WL 2588078, *2 (C.D. Ill. June 14, 2017) (denying a § 2255 motion that challenged § 2L1.2 of the Guidelines as unconstitutionally vague because "the guidelines are not subject to vagueness challenges under the Due Process Clause"); *Alvarez-Herrera v. United States*, No. 16-cv-5384, 2017 WL 1097173, *6 (C.D. Cal. Mar. 23, 2017) (same).

### III. Recommendation

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied as meritless.

Signed this 6 day of October, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).